UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:11CR373-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **PRELIMINARY ORDER** |
| v. | ) | **OF FORFEITURE** |
| | ) | |
| NASSER ALQUZAH | ) | |

In the Second Superseding Bill of Indictment in this case, the United States sought

forfeiture of property pursuant to 21 U.S.C. § 853(a) as property that was proceeds of and/or was

used to facilitate the drug crimes charged, together with any other substitute property, which

would be subject to forfeiture under § 853(p).

Defendant was convicted at trial on Counts One and Seven, among others, in the Bill of

Indictment; and found guilty of the offenses charged in those counts. The government has

moved for a preliminary order forfeiting currency, financial accounts, vehicles from a used car

business, and other assets. The Court has considered the trial evidence and the exhibits provided

with the government's motion and finds that there is a nexus between each of the assets sought

by the government and defendant's crimes or, alternatively, that the asset is subject to forfeiture

as substitute property.

It is therefore ORDERED:

1. The defendant shall pay a forfeiture money judgment of $15 million, representing

proceeds of the Count One conspiracy and property involved in the Count Seven conspiracy, as

reasonably foreseeable to the defendant.

2. Based upon defendant's conviction at trial and the nexus established between the

defendant's crimes and the property listed below, or, as set forth in the motion, the government's showing that the asset is owned by the defendant and subject to forfeiture as substitute property for criminal proceeds, the United States is authorized to seize the following property, and it is hereby forfeited to the United States for disposition according to law; provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein under 21 U.S.C. § 853(n):

I.  Property specifically identified in the indictment and/or the protective order.

    A.  Financial accounts.

        1. First Federal Charleston xxxx2606.

        2. First Federal Charleston xxxxxx8483.

        3. First Federal Charleston xxxxxx1883.

        4. First Federal Charleston xxxxxx1891.

        5. First Federal Charleston xxxxxx1906.

        6. First Federal Charleston xxxxxx8587.

        7. First Federal Charleston xxxxxx9591.

        8. First Federal Charleston xxxxxx5762.

        9. Wells Fargo xxxxxxxxx2464.

    B.      Franchisee interests in the following Subway restaurants.

        1. Rania Inc./Subway No. 22320, 528 Belle Station Blvd., Mt. Pleasant, SC.

        2. Dina Inc./Subway No. 22598, 3365 Morgans Pt. Rd., Mt. Pleasant, SC.

    C.      The following real property.

        1. 3724 Covenant Road, Columbia, SC.

        2. 1609 Oakhurst Dr., Mt. Pleasant, SC.

3. 1029 Kiawah Dr., Lexington, KY.

4. 4452 Turtle Creek Way, Lexington, KY.

5. 337 Whitfield Dr., Lexington, KY.

6. 1479 Boardwalk, Lexington, KY.

II. Other assets in government custody.

    A. Financial accounts owned or controlled by defendant.

        1. Bank of Bluegrass xxxxx1271.

        2. Bank of Bluegrass xxxxx0175.

        3. First Federal Charleston xxxxxx0175.

        4. Wells Fargo xxxxxxxxx8779.

    B. Other assets owned or controlled by defendant .

        1. One Troy ounce of gold, having an appraised value of $1,648.90, seized on November 30, 2011.

3. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish as required by law notice of this order and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may, as permitted by law and to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of

this order of forfeiture, as a substitute for published notice.

4.  Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture pursuant to 21 U.S.C. § 853(n).

Signed: June 10, 2013

Frank D. Whitney
Chief United States District Judge