UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:11CR373-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **PRELIMINARY ORDER** |
| v. | ) | **OF FORFEITURE** |
| | ) | **(NUNC PRO TUNC)** |
| NASSER KAMAL ALQUZAH (10) | ) | |

In the Second Superseding Bill of Indictment in this case, the United States sought forfeiture of property pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853(a), and 28 U.S.C. § 2461(c) as property that was proceeds of and/or was used to facilitate and/or was involved in the crimes charged, together with any other substitute property, which would be subject to forfeiture under 21 U.S.C. § 853(p).

Defendant was convicted at trial on Counts One and Seven, among others, in the Bill of Indictment; and found guilty of the offenses charged in those counts. The government has moved for a preliminary order forfeiting financial accounts and other assets. The Court has considered the trial evidence, the exhibits provided with the government's motion, and the evidence presented at an evidentiary hearing on January 30, 2014, including the stipulations of the parties, exhibits previously admitted at trial, and exhibits admitted at the hearing (which have been submitted with the government's motion).

The Court finds that the value of the property that was proceeds of or involved in the defendant's crimes, as reasonably foreseeable to the defendant, consistently with the foreseeable harm as determined under the Sentencing Guidelines, is $8.4 million. In addition, as specified below, the Court finds that there is a substantial nexus between each asset and defendant's

crimes, or that the asset is subject to forfeiture as substitute property.

It is therefore ORDERED as of January 30, 2014, nunc pro tunc:

1. The defendant shall pay a forfeiture money judgment of $8.4 million, representing proceeds of the Count One conspiracy and property involved in the Count Seven conspiracy, as reasonably foreseeable to the defendant.

2. The United States is authorized to seize the following specific property, and it is hereby forfeited to the United States for disposition according to law; provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein under 21 U.S.C. § 853(n):

Property for which there is a nexus to an offense of conviction.

Financial accounts.

1. First Federal Charleston xxxxxx8483.

2. First Federal Charleston xxxxxx1883 (funds transferred from xxxxx4886).

3. First Federal Charleston xxxxxx1891 (funds transferred from xxxxx8491).

4. First Federal Charleston xxxxxx1906 (funds transferred from xxxxx1782).

5. First Federal Charleston xxxxxx8587.

6. Wells Fargo xxxxxxxxx2464.

Franchisee interests in the following Subway restaurants.

1. Rania Inc./Subway No. 22320, 528 Belle Station Blvd., Mt. Pleasant, SC.

2. Dina Inc./Subway No. 22598, 3365 Morgans Pt. Rd., Mt. Pleasant, SC.

Property subject to forfeiture as substitute property under 21 U.S.C. § 853(p).

The following real property (or a substitute *res*, if applicable).

1. 1609 Oakhurst Dr., Mt. Pleasant, SC.

2. 337 Whitfield Dr., Lexington, KY.

3. 1479 Boardwalk, Lexington, KY.

4. Any surplus proceeds following foreclosure by Wells Fargo Bank, N.A., on 3724 Covenant Road, Columbia, SC, as a substitute *res* for that property.

Financial accounts owned or controlled by defendant.

1. Bank of Bluegrass 95513.

2. Wells Fargo xxxxxxxxx8779.

3. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish as required by law notice of this order and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may, as permitted by law and to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice.

4. Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture pursuant to 21 U.S.C. § 853(n).

Signed: February 7, 2014

Frank D. Whitney
Chief United States District Judge