UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:11CR373-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NASSER KAMAL ALQUZAH (10), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| PETITION OF ALI ALQAZA | ) | |
| _____ | ) | |

THIS MATTER is before the Court pursuant to a forfeiture settlement between the government, petitioner Ali Alqaza ("Petitioner"), and Amer Quzah (who has filed a separate petition herein), pursuant to Fed. R. Crim. P. 32.2(c). The parties have consented to a settlement with regard to the following two assets (the "property") listed in the Preliminary Order of Forfeiture (Nunc Pro Tunc) filed on February 10, 2014 (Doc. 446) (the "Preliminary Order"), which are the only assets listed in this petition:

Financial accounts.

    2. First Federal Charleston xxxxxx1883 (funds transferred from xxxxx4886).

Franchisee interests in the following Subway restaurants.

    1. Rania Inc./Subway No. 22320, 528 Belle Station Blvd., Mt. Pleasant, SC.

According to the Stipulations and Unopposed Representations submitted with the government's motion for the Preliminary Order, the 1883 account is a restricted account consisting entirely of funds transferred from the First Federal Charleston xxxxxx4886 account,

1

which is an operating account for Subway No. 22320, and the balance in the 1883 account on October 31, 2012, was $99,095.42. Doc. 443-1 at ¶ 3. Revenue from Subway 22320 continued to be transferred to the restricted account over subsequent months. More recently, the Marshals Service advised that the account balance in the 1883 account was $175,228.23.

The government is requesting that the Court amend the Preliminary Order to reflect the settlement and order the release of an agreed amount from the restricted account.

The government and petitioner have stipulated and agreed and the Court finds as follows:

1. Petitioner has filed a timely petition in response to the Preliminary Order and the Court has jurisdiction over the subject property.

2. Defendant Alquzah ("defendant") has or had an interest in the property that is subject to forfeiture under the applicable statutes. Specifically, defendant was added to the signature card for the First Federal Charleston xxxxxx4886 operating account for Subway No. 22320 on or about May 27, 2011.

3. Petitioner is the organizer and sole member of Aliqaza LLC, a South Carolina LLC, which is the name of the account holder on the xxxxxx4886 account signature card. Petitioner is also named as the franchisee for Subway 22320 on the Subway franchise agreement dated May 18, 2011, and has managed Subway 22320 at least since that date.

4. The prior holder of the franchise for Subway 22320, Amer Quzah ("Quzah"), has also filed a petition asserting an interest in this Subway, the First Federal Charleston xxxxxx1891 account, and other assets forfeited by the Preliminary Order. Doc. 462. Petitioner and Quzah are related by marriage, in that Petitioner's sister is married to Quzah, and they are both represented by Corey Atkins as counsel of record herein. By signing the settlement agreement, Quzah has consented to this settlement and withdrawn his petition as to the First Federal Charleston

xxxxxx1883 account and the Rania Inc. / Subway 22320, as well as to Dina Inc. / Subway No. 22598, but not as to the other assets listed in his petition.

4. The United States and Petitioner have agreed to a settlement regarding forfeiture and the interest asserted by petitioner, subject to the Court's approval, as follows:

(a) The First Federal Charleston xxxxxx1883 account shall be forfeited in part and released in part, with $20,000 to be released to Petitioner and the remaining balance in the account to be forfeited. Accordingly, the petition shall be granted in part, in that this sum of $20,000 shall be paid to petitioner, in accordance with applicable law. The Preliminary Order shall be amended accordingly.

(b) The Preliminary Order shall be amended to delete:

"Franchisee interests in the following Subway restaurants.

1. Rania Inc./Subway No. 22320, 528 Belle Station Blvd., Mt. Pleasant, SC."

(c) Petitioner, for himself and for Aliqaza LLC, hereby releases and forever discharges the United States, its agents, servants and employees, its successors or assigns, and all state or local governmental entities or law enforcement agencies in North Carolina and South Carolina and their agents, servants and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which Petitioner or his heirs, successors, or assigns or Aliqaza LLC ever had, now have, or may have in the future in connection with this investigation, prosecution, and forfeiture.

Based on the foregoing findings, IT IS THEREFORE ORDERED:

1. The terms and conditions of the settlement are approved and incorporated in this Order.

2. The Preliminary Order is amended to delete the sum of $20,000 from the forfeited First Federal Charleston xxxxxx1883 account balance and the franchisee interest in Rania Inc./Subway No. 22320.

3. The $20,000 shall be released and paid to Petitioner in accordance with applicable law.

4. Each party shall bear its own costs in this ancillary forfeiture proceeding, including attorney fees.

Signed: December 2, 2014

Frank D. Whitney
Chief United States District Judge