**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | DOCKET NO: 3:11CR373-FDW |
| | ) | |
| NASSER KAMAL ALQUZAH (10) | ) | |
| _____ | ) | |

**ORDER FOR INTERLOCUTORY SALE OF PERSONAL PROPERTY**

THIS MATTER is before the Court on the government's motion for an interlocutory sale of a Subway franchisee interest in property identified as Dina Inc./Subway No. 22598, 3365 Morgans Pt. Rd., Mt. Pleasant, South Carolina.  This asset was forfeited preliminarily based on a nexus to the crimes committed by defendant Nasser Alquzah.  *See* Preliminary Order of Forfeiture (Nunc Pro Tunc) filed February 10, 2014 (Doc. 446) (the "Preliminary Order").

Only one third-party petition, by Amer Quzah, has been filed asserting an interest in this property.  Doc. 462.  However, Petitioner Quzah joined in the settlement of another petition, filed herein by Ali Alqaza, and consented to withdraw his (Quzah's) petition as to Subway No. 22598.  Consent to Settlement and Amendment of Preliminary Order of Forfeiture filed October 16, 2014 (Doc. 534-1).  The Court has so found.  Order filed on December 2, 2014 (Doc. 543).

No other third-party petition has been filed as to this asset.  Therefore, as a general proposition, the preliminary order would become final as to defendant Alquzah upon a finding by the Court regarding defendant's forfeitable interest in the property.  *See* Fed. R. Crim. P. 32.2(2).  However, defendant's conviction and sentence are pending on appeal in this case.  The government has represented that it is unclear whether the property can be sold without an interlocutory order before the appeal is resolved.  *Cf.* Rule 32.2(d).

Federal Rule of Criminal Procedure 32.2 provides that, "[a]t any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7). Rule G(7) provides:

> On motion by a party or a person having custody of the property, the court may order all or part of the property sold if . . . (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Fed. R. Civ. P. Supp. R. G(7)(b)(i).

IT IS THEREFORE ORDERED, pursuant to Fed. R. Crim. P. 32.2(b)(7) and Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, that the United States may sell, by commercially feasible means, the Subway franchisee interest identified in the Preliminary Order as Dina Inc./Subway No. 22598

IT IS FURTHER ORDERED that the net proceeds of the sale will be deposited into an interest-bearing account maintained by the Marshals Service and substituted as the property subject to forfeiture pending final resolution of the defendant's appeal.

IT IS FURTHER ORDERED that the government may, in its sole discretion, reject any offer to purchase any asset subject to this Order where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

Signed: January 8, 2015

_____

Frank D. Whitney
Chief United States District Judge