UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:11CR373-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NASSER KAMAL ALQUZAH (10), )<br>)<br>Defendant. )<br>_____ )<br>PETITION OF AMER QUZAH )<br>_____ ) | **ORDER**<br>**(BY CONSENT)** |

THIS MATTER is before the Court on the government's motion, by consent of the parties, to enter an order approving a settlement with regard to the following two assets (the "subject property") listed in the Preliminary Order of Forfeiture (Nunc Pro Tunc) filed herein on February 10, 2014 (Doc. 446) (the "Preliminary Order"):

Financial accounts.

    3. First Federal Charleston xxxxxx1891 (funds transferred from xxxxx8491).

    4. First Federal Charleston xxxxxx1906 (funds transferred from xxxxx1782).

According to the Stipulations and Unopposed Representations (Doc. 443-1) submitted with the government's motion for the Preliminary Order, the xxxxxx1891 account is a restricted account consisting entirely of funds transferred from the First Federal Charleston ("FFC") xxxxxx8491 account, which is an operating account for Subway No. 11684, and the balance in the xxxxxx1891 account on October 31, 2012, was $24,807.94. Doc. 443-1 at 2. While the business continued to operate, revenue from Subway 11684 continued to be transferred to the

1

restricted xxxxxx1891 account over a number of months. The balance in the xxxxxx1891 account was recently reported to be approximately $57,049.51.

The defendant's name appears on the signature card for the FFC xxxxxx8491 account. However, the Subway 11684 franchise was held in the name of Samir Inc., which was owned and/or controlled by Petitioner; the franchise itself was not forfeited; and there is no evidence that either this franchise or the xxxxxx8491 account was used for the illegal activity in this case.

Similarly, the xxxxxx1906 account is a restricted account consisting entirely of funds transferred from the FFC xxxxxx1782 account, which is an operating account for Subway No. 22598. Doc. 443-1 at 4. Following transfers of business receipts into the xxxxxx1906 account and payment of certain expenses from that account, the Marshals recently reported that the balance in the 1906 account was $5,730.92.

According to the evidence at trial, this xxxxxx1782 operating account was used by defendant Nasser Alquzah to write six checks to JROX Construction in money laundering transactions involving proceeds from cigarettes represented to be stolen.

Based on the record and the stipulations of the parties, the Court finds as follows:

1. Petitioner has filed a timely petition in response to the Preliminary Order and the Court has jurisdiction over the subject property.

2. Defendant Alquzah has or had an interest in property that is subject to forfeiture herein under the applicable statutes, in that he was listed on the signature card for the FFC xxxxxx1782 account and wrote checks on this account.

3. Petitioner is the owner of Samir Inc., a South Carolina corporation which is the franchisee for Subway 11684 and the account holder on the xxxxxx8491 account signature card.

4. The United States and Petitioner have agreed to a settlement regarding forfeiture and the interest asserted by petitioner, subject to the Court's approval, as follows:

    (a) The FFC xxxxxx1891 account shall be released in part, with $2000.00 to be paid first to the Marshals Service as reimbursement for cleaning expenses at Subway 22598. This $2000 expense was incurred because Petitioner failed to clean and remove perishable items from Subway 22598 when it was closed by the manager without authorization by the Marshals Service. The remainder, consisting of approximately $55,049.51, shall be released to Petitioner. The Preliminary Order shall be amended accordingly.

    (b) The FFC xxxxxx1906 account, consisting of approximately $5,730.92, shall be forfeited to the United States.

    (c) Petitioner, for himself and for any corporation or other entity owned or controlled by him, hereby releases and forever discharges the United States, its agents, servants and employees, its successors or assigns, and all state or local governmental entities or law enforcement agencies in North Carolina and South Carolina and their agents, servants and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which Petitioner or his heirs, successors, or assigns ever had, now have, or may have in the future in connection with this investigation, prosecution, and forfeiture.

On February 27, 2014, through March 28, 2014, the United States published via www.forfeiture.gov, notice of this forfeiture and of the intent of the government to dispose of the forfeited property according to law, and further notifying all third parties of their right to petition

the Court within sixty days from February 27, 2014, for a hearing to adjudicate the validity of any alleged legal interest in the subject property. *See* Doc. 472. Except as stated above, it appears from the record that no petitions have been filed to assert an interest in the assets which are the subject of this motion.

IT IS THEREFORE ORDERED:

1. That the terms and conditions of the settlement are approved and incorporated into this Order.

2. That the sum of $2000 shall be paid from the FFC xxxxxx1891 account to the Marshals Service as reimbursement for cleaning expenses at Subway 22598.

3. That the remainder of the FFC xxxxxx1891 restricted account, consisting of approximately $55,049.51, shall be released to Petitioner, subject to applicable law (including the Treasury Offset Program).

4. That the balance of the FFC xxxxxx1906 restricted account, consisting of approximately $5,730.92, is forfeited to the United States.

5. That the Preliminary Order is amended accordingly.

6. That each party shall bear its own costs in this ancillary forfeiture proceeding, including attorney fees.

Frank D. Whitney
Chief United States District Judge