IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | DOCKET NO: 3:11cr373-FDW |
| | ) | |
| | ) | ORDER |
| NASSER KAMAL ALQUZA (10) | ) | |
| | ) | |

CAME ON TO BE HEARD, Defendant Nasser Kamal Alquza's (Alquza's) *Pro Se* Motion for Return of Property (Doc. No. 618). The Court having considered the same, the Government's Response to Alquza's Motion to Return Property (Government's Response) (Doc. 620) and attached exhibits, the exhibits and testimony offered in evidence at Alquza's trial and related proceedings, and the current docket in this case, including Alquza's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No 619; *Alquza v. United States,* 3:16-cv-610 (FDW), Doc. No. 1 (W.D.N.C. Aug. 9, 2016);

**THIS COURT FINDS**:

1. Alquza is entitled to the return of his property seized from his residence by a lawful search upon the termination of these criminal proceedings, so long as such property is still in the possession of the Government, has not been forfeited, and is not contraband. Fed. R. Crim. P. 41(g); *United States v. Albinson*, 356 F.3d 278, 280 (3d Cir. 2004);

2. The Government may maintain possession of items lawfully seized from Alquza's residence so long as they may be needed as evidence in a pending criminal proceeding. *United States v. Garcon*, 406 F. App'x 366, 370 (11th Cir. 2010); *United States v. Vysniauskas*, No. 10-20717, 2016 WL 465492, at *2 (E.D. Mich. Feb. 8, 2016); *United States v. Washington*, 2011 WL 6258491 at *1 n.1 (D. Kansas 2011).

3. The proceedings in Alquza's criminal case are not yet concluded. Alquza filed a Motion to Vacate under 28 U.S.C. § 2255, which if granted, could require the United States to conduct a new trial in which items seized from Alquza's residence may be used as evidence.

4. The United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) maintained an inventory of items seized from Alquza's residence. Government's Response, Exhibits 2 and 4.

5. Exhibits 2 and 4 to the Government's Response identifies each item seized from Alquza's residence with an internal tracking number, as well as the disposition, if any, of each item. Government's Response, Exhibit 4 is attached and incorporated herein.

6. The United States has previously returned and no longer has possession of the following items listed in Exhibit 4: Items identified by ATF ID Nos. 197-205; 201-212, 222, 228, 230-233, 242-244, and 246-263. Government's Response, Exhibits 3-6.

7. Based on testimony and exhibits offered at trial, the following items listed in Exhibit 4 were instrumentalities of the money laundering scheme in which Alquza was convicted and/or are false identification in which Alquza's photograph was used on a means of identification with a different name associated with credit cards in the different name. Based on the above, the following items listed on Exhibit 4 are contraband. Items identified by ATF ID Nos. 184-186, 192, 195, 206, 213-215, and 219.

8. The Court has entered various orders in this case forfeiting certain businesses and property used in the money laundering scheme in which Alquza was convicted, as well as a money judgement in the amount of $8.4 million. The following items listed on Exhibit

4 were forfeited and/or liquidated as substitute property in partial satisfaction of the Court's money judgment: Items identified by ATF ID Nos. 177, 193 and 221.

9. In its Response, the Government asserts that it has continued need of certain items as evidence in the event Alquza is successful in his pending Motion to Vacate under 28 U.S.C. § 2255. The following items listed on Exhibit 4 are potential evidence in this case: Items identified by ATF ID Nos. 179-181, 183, 187-189, 191, 194, 220 and 227.

10. In its Response, the Government states that it has possession of a checkbook issued for an account in the name of the Central Mosque of Charleston. Such property does not appear to belong to Alquza.

11. In its Response, the Government has asserted that it still has possession, but no longer has need, of certain items seized from Alquza's residence and belonging to Alquza and/or his wife. Alquza is entitled to the immediate return of these items. The following items listed on Exhibit 4 are no longer needed by the Government for use in this case: Items identified by ATF ID Nos. 146-176, 178, 182, 190, 196, 207-209, 216-218, 223-226, 229, 234-241, and 245.

Wherefore, **THIS COURT ORDERS** that:

1. The items seized from Alquza's residence and identified above and on Exhibit 4 as previously returned are no longer in the Government's possession and, therefore, cannot be returned to Alquza. Alquza's Motion to Return Property as to previously returned items is **DENIED**.

2. The items seized from Alquza's residence and identified above and on Exhibit 4 as Contraband or Forfeited may be retained by the Government indefinitely and disposed of

as it wishes. Alquza's Motion to Return Property as to contraband or forfeited items is **DENIED**.

3. The items seized from Alquza's residence and identified above and on Exhibit 4 as potential evidence may be retained by the Government for as long as there is a possibility of criminal proceedings against Alquza. Alquza's Motion to Return Property as to items identified as evidence is premature and **DENIED**, with leave to refile when all criminal proceedings against Alquza in this case are exhausted and final.

4. The item described as the Checkbook for the Central Mosque of Charleston and listed on Exhibit 4 as ATF ID No. 182 shall be returned to a lawful representative for the Central Mosque of Charleston. Alquza's Motion to Return Property as to this item is **DENIED**, but its return is ordered as stated above.

5. The items seized from Alquza's residence and identified above and on Exhibit 4 as no longer needed by the Government shall be returned to Alquza or his designated representative. Alquza's Motion to Return Property as to items no longer needed by the Government is **GRANTED**. However, since Alquza remains incarcerated and is no longer represented by counsel, Alquza shall designate in writing in a letter to the Court, the name(s), address(es) and telephone number(s) of the person(s) he wishes to receive his property on his behalf.

**IT IS SO ORDERED.**

Signed: September 8, 2016

Frank D. Whitney
Chief United States District Judge