IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:11CR373-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| NASSER KAMAL ALQUZA (10) | ) | |

THIS MATTER is before the Court on Defendant, Nasser Kamal Alquza's, *pro se* "Motion to declare the United States of America in violation of the Forfeiture Order; and Motion in Objection to the Forfeiture of Specific Assets based on Honeycutt" (Doc. 638) and the Government's Response in Opposition (Doc. 641). Defendant, who was paid hundreds of thousands of dollars to launder millions in cigarette trafficking proceeds, challenges final forfeiture of substitute properties to partially satisfy a money judgment calculated based on the proceeds of Defendant's crimes and amount that he laundered. In support of his Motion, Defendant cites *Honeycutt v. United States*, 137 S. Ct. 1626 (2017)—a case on calculation of forfeiture money judgments in drug conspiracies. Since the forfeiture is final pursuant to the clear language of Fed. R. Crim. P. 32.2 and there is not a legal basis for Defendant's untimely collateral attack and challenge, this Court DENIES his Motion. In support of denying the Motion, the Court FINDS AS FOLLOWS:

### I. PROCEDURAL BACKGROUND

On February 4, 2013, a Jury returned verdicts of guilt (Doc. 273) against Defendant for his role in a cigarette trafficking and money laundering conspiracy charged in a Second

Superseding Indictment (Doc. 245).  The Jury returned verdicts of guilt on the Count One charge of conspiracy to receive and transport stolen property, the Count Seven charge of money laundering conspiracy, and the Count Nine charge of concealment money laundering. Essentially, Defendant was convicted for his role as a professional and highly paid money launderer who received and laundered millions in crime proceeds in exchange for $275,000. *See* Opinion (Doc. 579) at Page 4.

On February 10, 2014, following briefing and a hearing (Docs. 285, 432, 509), this Court entered a Preliminary Order (nunc pro tunc) (Doc. 446) for, among other items, the following:

> (1) an $8,400,000 forfeiture money judgment based on a calculation of the "value of property that was proceeds of or involved in defendant's [Count One and Count Seven conspiracy] crimes, as reasonably foreseeable to the defendant [ . . . ]"; and
>
> (2) the following three real properties that constitute 21 U.S.C. § 853(p) substitute property:  1609 Oakhurst Dr., Mt. Pleasant, SC ("the Oakhurst Drive Property"); 337 Whitfield Dr., Lexington, KY ("the Whitfield Property"); and 1479 Boardwalk, Lexington, KY ("the Boardwalk Property").

Preliminary Order (Doc. 446) at Pages 1-3.  This Preliminary Order was incorporated into the sentence.  Judgment in a Criminal Case (Doc. 482) at Page 5.  Ancillary proceedings ensued. Then, in a First Final Order and Judgment Confirming Forfeiture (Doc. 574), this Court adjudicated third party petitions and finally forfeited the three real properties.

On appeal, Defendant challenged evidentiary rulings and calculation of the sentence. Opinion at Doc. 579.  The Fourth Circuit affirmed the conviction but remanded for a recalculation of Sentencing Guidelines loss based on an expanded inquiry into the intended victim or victims of the offenses.  *Id.*

At resentencing on March 30, 2016, on stipulation of the parties, the Court calculated the Sentencing Guidelines loss as around $6,000,000 and less than $7,000,000, and resentenced

Defendant to 87 months imprisonment. Transcript of Resentencing (Doc. 626) at Pages 6-7. 12. The Court again ordered forfeiture, this time of a $6,000,000 forfeiture money judgment consistent with the Guidelines calculation stipulation and of items identified in the Government's Notice Regarding Forfeiture at Sentencing (Doc. 605). Transcript (Doc. 626) at Page 36; Amended Judgment (Doc. 611) at Page 5. The Notice listed, among other items, final orders referencing the three real properties. Upon oral pronouncement of forfeiture at resentencing, Defendant did not object. Transcript (Doc. 626) at Pages 36-37.

Defendant did not appeal the resentence or Amended Judgment, or any orders of forfeiture, and the time for doing so pursuant to Fed. R. App. P. 4(b) has long since expired. Defendant did later file a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (WDNC Case 3:16cv610; Doc. 1). On February 7, 2017, this Court denied (WDNC Case 3:16cv610; Doc. 11) that Motion and declined to issue a certificate of appealability.

Now, a year-and-a half after resentencing, Defendant invites this Court to reopen orders that finally adjudicated not only his rights, but also third party rights, to three real properties. Based on the following analysis, this Court declines Defendant's untimely invitation.

## II. LEGAL ANALYSIS

### A. The forfeiture is final.

Defendant cites no procedural reason or law on why, over a year and a half after resentencing, he may challenge the finalized forfeiture portion of his sentence. Indeed, "[a]t sentencing—or at any time before sentencing if the defendant consents—the preliminary forfeiture order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(4)(A). "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:

3

(i) the entry of either the judgment or the order being appealed; or (2) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1); *see* Fed. R. Crim. P. 32.2(b)(4)(C) (rendering Federal Rule of Appellate Procedure 4 applicable here). Here, the forfeiture became final as to Defendant at sentencing, the Government did not file a notice of appeal, Defendant did not timely—or ever—file a direct appeal of the forfeiture orders incorporated into the Amended Judgment, and the time for doing so has now expired. Thus, the forfeiture orders against Defendant are final. *See* Fed. R. Crim. P. 32.2; *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) (an order is "final" when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.).

### B. The Opinion in *Honeycutt v. United States*

Defendant cites *Honeycutt v. United States*, 137 S. Ct. 1626 (2017) as a basis for his challenge. In *Honeycutt*, the Supreme Court clarified that the forfeiture provisions in 21 U.S.C. § 853 do not impose joint and several liability on a defendant member of a drug conspiracy for proceeds that the defendant himself did not acquire. *Id.* at 1630. Rather, per *Honeycutt*, in a drug conspiracy case in which the Government seeks forfeiture on a proceeds theory, the Government may seek forfeiture only of (1) "any property constituting, or derived from, any proceeds" that the defendant *obtained*, directly or indirectly" from the offense giving rise to the forfeiture and (2) substitute property to the extent that the property that Defendant obtained is unavailable and 21 U.S.C. § 853(p) is satisfied. *Id.* at 1633,1635 (emphasis added). However, *Honeycutt* does nothing to elucidate on the untimeliness of Defendant's challenge to final orders.

Further, contrary to Defendant's suggestion in his Motion, in *Honeycutt* the Supreme Court did not vacate 21 U.S.C. § 853(p) on substitute property forfeiture or limit forfeiture only to tainted

4

property. The Supreme Court also did not decide *Honeycutt* based on fraud proceeds forfeitures under 18 U.S.C. §§ 981(a)(1)(C) or 982, or the more broad money laundering forfeitures of "involved in" property under 18 U.S.C. § 982(a)(1) applicable here. Nor, for that matter, did the Supreme Court issue a mandate on the scope of forfeiture money judgments against professional money launderers—like Defendant—who receive millions in proceeds and retain a portion of those proceeds as payment for nefarious laundering. Thus, a substantive question remains about whether the ruling of *Honeycutt* even applies to cases like this one, in which Defendant challenges a substitute property forfeiture and the scope of the forfeiture is tied to a money laundering charge. *Cf. United States v. McIntosh*, 2017 WL 3396429 (S.D.N.Y. Aug. 8, 2017) (distinguishing forfeiture in *Honeycutt* from a fraud proceeds forfeiture under 18 U.S.C. § 981(a)(1)(C)). However, this Court need not even reach that substantive issue since Defendant does not cite a basis for his collateral attack on a final order.

  **C. Congress has not authorized a collateral attack on final forfeiture.**

Defendant cites no basis for his collateral attack because there is not a basis for his attack. For example, Defendant may not invoke *Honeycutt* on collateral review in either a motion to vacate under 28 U.S.C. § 2255 or a habeas corpus petition under 28 U.S.C. § 2241. Both statutes are limited in coverage and scope to claims that challenge the legality of the defendant's "custody" and that seek "the right to be released" from custody. *See* 28 U.S.C. § 2255(a) (permitting motions to vacate by "[a] prisoner in custody under sentence of a court . . . claiming the right to be released"); 28 U.S.C. § 2241(c)(1) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody under or by color of the authority of the United States").

The custodial limitation embedded in the text of the federal postconviction statutes makes

plain that convicted defendants have no right to use those statutes to raise freestanding challenges to the non-custodial components of their sentences, including forfeiture orders.[1] *United States v. Ross*, 801 F.3d 374, 380 (3d Cir. 2015) ("monetary component of a sentence" does not satisfy the "in custody" requirement of federal habeas statutes); *United States v. Finze,* 428 F. App'x 672, 677 (9th Cir. 2011) (unpublished) (because a "forfeiture claim . . . is not a claim for release from custody," claim is not cognizable on collateral review), *cert. denied*, 565 U.S. 902 (2011); *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002) (Section 2255 "is available to prisoners claiming the right to be released from custody. Claims for other types of relief, such as relief from a restitution order, cannot be brought in a § 2255 motion, whether or not the motion also contains cognizable claims for release from custody."), *cert. denied*, 540 U.S. 839 (2003); *see also Blaik v. United States*, 161 F.3d 1341, 1342-43 (11th Cir. 1998) (collecting cases); *Campbell v. United States*, 330 F. App'x 482, 482-83 (5th Cir. 2009) (per curiam) (unpublished) (fine and restitution orders not challengeable in a Section 2241 petition); *Arnaiz v. Warden*, 594 F.3d 1326, 1329 (11th Cir. 2010) (per curiam) (restitution order not challengeable in a Section 2241 petition); *Kaminski v. United States*, 339 F.3d 84, 87 (2d Cir.) (fine and restitution orders not challengeable in a Section 2255 proceeding) (collecting cases), *cert. denied*, 540 U.S. 1084 (2003). Therefore, neither Section 2255 nor Section 2241 provide a basis for Defendant's untimely forfeiture attack here.

    **D.**    **The Federal Rules of Criminal Procedure not provide for an untimely attack on a final forfeiture order.**

The Federal Rules of Criminal Procedure also do not provide a means by which this Court may revisit the final criminal forfeiture judgment on Defendant's Motion. Fed. R. Crim. P. 32.2

---

[1] Here, even *if* Section 2255 authorized an attack on forfeiture—which it does not—Defendant has already filed a Section 2255 challenge which the Court has denied.

outlines procedures to be followed where the Government seeks criminal forfeiture. Like 21 U.S.C. § 853(n), it establishes procedures for resolving third-party claims to property subject to an order of forfeiture, *see* Rule 32.2(c). It also authorizes the Government to move the court to amend the order of forfeiture where forfeitable property is located and identified after the order was entered, Rule 32.2(e)(1)(A), or where the Government seeks forfeiture of substitute assets, Rule 32(e)(1)(B). However, Rule 32.2 does not permit Defendant to, outside of a timely appeal in conformance with Rule 4, attack the final forfeiture of properties.

Fed. R. Crim. P. 35 and 36 also do not authorize Defendant's untimely Motion. The 14-day time limit in Rule 35(a)—"[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error"—is jurisdictional. *United States v. Phillips,* 597 F.3d 1190, 1199 (11th Cir. 2010); *United States v. Dotz,* 455 F.3d 644, 648 (6th Cir. 2006); *United States v. Houston,* 529 F.3d 743, 753 n.2 (6th Cir. 2008), *cert. denied*, 556 U.S. 1281 (2009). Therefore, Rule 35 cannot provide a basis for untimely redrafting of a final order as Defendant requests. Rule 36 authorizes a court to correct a "clerical error" in the judgment "at any time," but a purported error ordering forfeiture of substitute properties is not a "clerical error." *See United States v. Jones,* 608 F.2d 386, 389 (9th Cir. 1979) (Rule 36 does not "allow reassessment of the merits"); *compare United States v. Quintero,* 572 F.3d 351, 353 (7th Cir. 2009) ("failure to include forfeiture in a judgment, that everyone intended to be included, constitutes a clerical error, correctable under Rule 36"). Therefore, Rule 36 also does not authorize Defendant's Motion.

## III. CONCLUSION

FOR THE FOREGOING REASONS, this Court DENIES the Motion as an untimely and unauthorized attack on final forfeiture of substitute properties.

Signed: September 20, 2017

Frank D. Whitney
Chief United States District Judge